**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.   KATHLEEN P. SCHMIDT, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-257-D |
| | ) | |
| 1.   THE LAWTON CONSTITUTION, | ) | JURY TRIAL DEMANDED |
| | ) | ATTORNEY LIEN CLAIMED |
|        Defendant. | ) | |

**COMPLAINT**

**COMES NOW THE PLAINTIFF**, Kathleen P. Schmidt ("Plaintiff" or "Schmidt") and for her causes of action herein alleges:

**PARTIES**

1. At all times mentioned herein, Plaintiff was a resident of Comanche County, Oklahoma.

2. Defendant The Lawton Constitution, is a domestic limited liability company operating in Comanche County, Oklahoma.

**JURISDICTION AND VENUE**

3. Plaintiff's action is one for sex discrimination (including creation of a hostile work environment and retaliation for opposing discrimination), which is prohibited by Title VII of the Civil Rights Act of 1964 and Oklahoma's Anti-Discrimination Act (OADA). Jurisdiction over the federal claims is vested in this Court under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331. The state law claims arise out of the same core

1

of facts and jurisdiction over them is vested under 28 U.S.C. § 1367.

4. All of the actions complained of occurred in Comanche County, Oklahoma, which is in the Western District of the United States District Courts for Oklahoma. The Defendant may be served in that county, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Defendant, at all relevant times employed more than fifteen (15) employees in each week of the year before, during, and after the Plaintiff's termination, such that it is an employer subject to Title VII. There is no minimum number of employees to proceed under the OADA.

6. Plaintiff is an adult female who was employed by Defendant from approximately January 22, 2018, until her wrongful discharge on or about April 2, 2018.

7. At the time of Plaintiff's termination, she occupied the job position of City Route Manager.

8. During all periods of employment, Plaintiff held the qualifications required for her job position and was performing in a satisfactory manner.

9. On or around April 1, 2018, Charles Williams, carrier for Defendant, grabbed Plaintiff by her waist while Plaintiff was turned around, pulled Plaintiff against his crotch area, and started rubbing himself against Plaintiff. Plaintiff immediately separated herself from Mr. Williams. Plaintiff sent a text message to her immediate supervisor, Larry Toth, Director of Circulation, requesting to speak with him regarding Mr. Williams'

inappropriate and offensive conduct.

10. On or around April 1, 2018, following Mr. Williams' inappropriate and offensive conduct, and acting as City Route Manager, Plaintiff sent Mr. Williams a text message informing him that he was being replaced as a carrier for Defendant and instructed him not to come back into work due to Mr. Williams' previous referenced conduct.

11. On or around April 2, 2018, and following Plaintiff's text conversation with Mr. Williams, Plaintiff picked up the papers for Mr. Williams' route and proceeded on to his scheduled delivery. While Plaintiff was on her way to deliver the papers, Mr. Toth called Plaintiff instructing Plaintiff to return to his office. Once Plaintiff returned to Mr. Toth's office, he instructed Plaintiff to give Mr. Williams' the papers for his previously scheduled delivery. Plaintiff immediately advised Mr. Toth of Mr. Williams' inappropriate behavior and sexual harassment towards the Plaintiff. Additionally, Plaintiff informed Mr. Toth that she felt very uncomfortable working near Mr. Willams due to his inappropriate and offensive behavior. Mr. Toth immediately dismissed Plaintiff's concerns and refused to listen to her complaints regarding Mr. Williams. Following Plaintiff's conversation with Mr. Toth, Mr. Williams was allowed to return to his shift and no investigation was conducted into Plaintiff's complaints.

12. Because Plaintiff was fearful to work due to Mr. Williams' presence at the workplace after he (Mr. Williams) sexually harassed and assaulted the Plaintiff, Plaintiff

informed Mr. Toth she could no longer work at Defendant's facility if Mr. Williams was present.

13. On or around April 2, 2018, Plaintiff was terminated and ordered off the premises by Mr. Toth. Plaintiff was provided no additional information regarding her termination, aside from her refusal to work with Mr. Williams.

14. The real reason for Plaintiff's termination was sex discrimination and retaliation for refusing the advances of Mr. Williams and for reporting the sexual harassment and offensive conduct.

15. The conduct stated above was sufficiently pervasive and severe to create a hostile and abusive work environment in which Plaintiff felt uncomfortable coming to work and dealing with Mr. Williams. Sexual harassment is contrary to both Title VII and the OADA.

16. Plaintiff has exhausted her administrative remedies by timely filing an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("Charge") on July 25, 2018, which is less than six (6) months after her termination. The Charge provided notice to the Defendant on the basis of her claims under Title VII and the OADA. The EEOC issued Plaintiff a right to sue letter on December 19, 2018, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of both the issuance and Plaintiff's receipt of her right to sue letter.

## COUNT 1

Plaintiff incorporates all prior allegations and further alleges that:

17. Plaintiff's termination was the result of retaliation for refusing sexual overtures and complaining about them, which is protected by Title VII and the OADA.

18. Plaintiff is entitled to wage loss (including back, present, and front pay, along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

19. Under state law, liquidated damages are automatically assessed, however the actions of Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, such that liquidated damages are appropriate under any standard.

## PRAYER

**WHEREFORE**, Plaintiff prays that she be awarded her actual and liquidated damages together with costs, pre-and post judgment interest and attorney's fees, and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 18TH DAY OF MARCH, 2019**.

HAMMONS, GOWENS, HURST
& ASSOCIATES

s/ Kristin E. Richards
Mark Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
Kristin E. Richards, OBA No. 33255
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email:kristin@hammonslaw.com
*Counsel for Plaintiff*